IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: BRYAN SCOTT MACRI AND LISA ANN MACRI, Debtors, | ) ) | |
| BRYAN SCOTT MACRI, Appellant | ) ) | No. 06 C 4441 |
| v. | ) ) | The Honorable William J. Hibbler |
| JOSEPH E. COHEN, Trustee, Appellee. | ) ) ) ) | Appeal from U.S. Bankruptcy Ct., Judge A. Benjamin Goldgar, No. 03 B 1026 |

## MEMORANDUM OPINION AND ORDER

This bankruptcy appeal poses a single question for the Court: whether the proceeds from a settlement of class action litigation, of which the debtor did not become aware until after filing the bankruptcy petition, are part of the bankruptcy estate. Debtor and appellant, Bryan Scott Macri argues that the discovery rule caused his claim in the class action to accrue only when he learned of the class action. Therefore, Macri argues, any proceeds he received from that litigation are not part of the bankruptcy estate. The Court disagrees.

Macri and his now ex-wife Lisa Ann Macri[1] filed for bankruptcy in January 2003 under Chapter 7 of the Bankruptcy Code. The Chapter 7 Trustee examined the petitioners and found "no assets." In April 2003, the Macris received a discharge of all pre-petition obligations and the bankruptcy court closed the case nine days later.

Over a year later, Macri received notice that he potentially belonged to a class of plaintiffs in pending litigation in the Southern District of Illinois (the *Dundon* litigation). The claims made

---

[1] In the divorce settlement, Lisa Macri relinquished claims to the funds at issue here and is not a party to this appeal.

1

by the *Dundon* plaintiffs included allegations that a bank issuing home equity lines of credit charged interest and fees greater than that allowed under the Illinois Interest Act, 815 ILCS 205/4.1a(f). (See June 2, 2006 Tr. at 4). In September 2005, Macri informed the trustee that because of the *Dundon* litigation, he was entitled to receive $26,773.76. The trustee then successfully moved to reopen the bankruptcy case.

Macri negotiated the settlement documents and turned over the proceeds to the trustee, pending order of the bankruptcy court. Macri moved the bankruptcy court to turn over the funds, presenting the same argument to the bankruptcy court as he presents in this appeal. The bankruptcy court denied Macri's motion on July 26, 2006, and he filed this appeal on August 7, 2006. This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1).

Voluntarily filing a petition for bankruptcy creates a "bankruptcy estate," which includes, with certain exceptions not applicable here, "all legal or equitable interests of the debtor in property as of the commencement of the case." 28 U.S.C. 541(a)(1). Contingent interests in future income fall within the ambit of § 541. *Matter of Yonikus*, 996 F.2d 866, 869 (7th Cir. 1993); *In re: Holstein*, 321 B.R. 229, 235 (Bankr. N.D. Ill. 2005); *Nationwide Acceptance Corp. v. Markoff, Krasny, Goldman and Grant*, No. 99 C 5632, 2000 WL 1230434, at * 2 (N.D. Ill. Aug. 23, 2000) (causes of action that accrue prior to commencement of bankruptcy proceeding included in bankruptcy estate); *Scrivner v. Commercial Credit Loans, Inc.*, No. 96 C 8552, 1997 WL 312058, at * 3 (N.D. Ill. Jun. 5 1997). While federal law determines when a debtor's interest in property is property for purposes of § 541, state law governs whether the debtor has such an interest. *Barnhill v. Johnson*, 503 U.S. 393, 398, 112 S.Ct. 1386, 118 L. Ed. 2d 39 (1992); *Butner v. United States*, 440 U.S. 48, 54-55, 99 S. Ct. 914, 59 L.Ed. 2d 136 (1979).

Here, Macri argues that his interest in the property did not accrue until the *Dundon* court certified the class or, at the earliest, until he learned of the pending litigation, and therefore belongs to him and not the estate. *See In re: Holstein*, 312 B.R. at 235. In support, Macri cites to bankruptcy cases decided in Texas and Kansas. *See* Appellant's Br. at 7. Macri's reliance upon the discovery rule, however, misplaced. As the bankruptcy court explained, the discovery rule is a judicially and sometimes statutorily created artifice that delays the running of the statute of limitations, but does not affect the accrual of his claim. *See Hermitage Corp. v. Contractors Adjustment Co.*, 166 Ill.2d 72, 651 N.E. 2d 1132 (1995). Instead, a claim accrues when all elements necessary to prevail are present. *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja, LLC*, 364 Ill. App. 3d 6, 14, 845 N.E.2d 22, 30 (2006). Whether aware of his injury or not, Macri's claim against the bank was complete at the closing of the loan, which by virtue of his inclusion in the class necessarily occurred before 2001. He therefore could have asserted a legal or equitable interest in it at that time. *See Scrivner*, 1997 WL 312058, at *6. The Court concurs that the discovery rule has no place in determining whether a debtor's interest in a legal claim is property of the estate.

But there is another reason to affirm the judgment of the bankruptcy court: the discovery rule does not even apply to the facts as stated by Macri. Macri has produced facts that demonstrate only that he did not, in fact, know of his claim until he received notice from class counsel. In order to invoke the discovery rule, however, Macri must demonstrate that he could not reasonably have known of his injury. He has produced no facts to show that the loan documents were fraudulent or misleading or that the bank somehow concealed the existence of his claim from him by blotting out the interest rates or fees that violated the statute. In other words, Macri knew the amount of interest or fees he had been charged at the time his loan closed, and therefore had sufficient facts to know

3

that he had been injured. Mere absence of knowledge of the potential for recovery, which is all Macri has shown, is insufficient to invoke the discovery rule, which truly would have an enormous scope if a prospective plaintiff had only to plead ignorance of the law giving rise to his claim in order to demonstrate that he could not reasonably have known of his injury.

The judgment of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED.

6/29/07
Dated

Hon. William J. Hibbler